**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Zinah Damaris Jennings, Appellant.

Appellate Case No. 2012-212947

Appeal From Richland County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2016-UP-047
Heard November 18, 2015 – Filed January 27, 2016

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General William M. Blitch, Jr., and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

**PER CURIAM:** Zinah Jennings appeals her conviction for unlawful conduct toward a child, arguing the trial court erred in (1) finding the indictment sufficient

and allowing the State to prosecute her for multiple offenses under a single indictment and (2) refusing to instruct the jury the law does not require her to tell police the location of her child. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the sufficiency of the indictment and the prosecution of multiple offenses under a single indictment: *State v. Gentry*, 363 S.C. 93, 101, 610 S.E.2d 494, 499 (2005) (holding "if an indictment is challenged as insufficient or defective, the defendant must raise that issue before the jury is sworn and not afterwards"); *State v. Taylor*, 399 S.C. 51, 59-61, 731 S.E.2d 596, 600-02 (Ct. App. 2012) (stating the "admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion" and finding the trial court did not abuse its discretion in admitting evidence under Rule 404(b), SCRE).

2. As to whether the trial court erred in refusing to instruct the jury Jennings was not required to tell police the location of her child: *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("The trial court is required to charge only the current and correct law of South Carolina."); *State v. Saltz*, 346 S.C. 114, 135-36, 551 S.E.2d 240, 252 (2001) (providing a statement "obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his rights under" *Miranda v. Arizona*, 384 U.S. 436 (1966)); *State v. Goodwin*, 384 S.C. 588, 602, 683 S.E.2d 500, 508 (Ct. App. 2009) ("Once a voluntary waiver is made, it continues until the individual being questioned indicates he wants to revoke the waiver and remain silent or circumstances exist which establish that his will has been overborne and his capacity for self-determination critically impaired."); *Goodwin*, 384 S.C. at 602, 683 S.E.2d at 507 ("Although the court must make the initial determination of admissibility, the trial court must instruct the jury that it cannot consider any confession unless it finds beyond a reasonable doubt that the accused gave his statement freely and voluntarily under the totality of the circumstances.").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**